# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 14-MJ-106 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| MARNEZE McKNIGHT, | |
| Defendant. | |

On the 16th day of April, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Max S. Wolson.

## I. RELEVANT FACTS AND PROCEEDINGS

On April 7, 2014, Defendant Marneze McKnight was charged by Criminal Complaint (docket number 2) with possession with intent to distribute cocaine base. At the hearing, Corporal Claude Howard of the Marion Police Department testified regarding the circumstances underlying the charge. On April 3, 2014, two Marion police officers entered the common area of an apartment building and smelled burnt marijuana. The officers believed that the smell was coming from apartment 2. Two other persons entered the building and knocked on the door to apartment 2, which was opened by its occupant (later identified as Brian Streich). When the door was opened, the officers were able to confirm that the smell of marijuana was coming from the apartment.

The officers asked Streich and the other two persons to exit the apartment. In response to questioning, Streich told officers that his roommate (Defendant Marneze McKnight) was inside the apartment. At the officers' request, Defendant came out to the

hallway. In violation of the officers' instructions, however, Defendant then reentered the apartment and attempted to close the door.

The officers pursued Defendant into a bedroom in the apartment. A struggle ensued and the officers attempted, without success, to subdue Defendant using a taser. Defendant then went into the bathroom and closed the door. Officers broke open the door and found Defendant near or over the toilet. The struggle continued and the officers again attempted to gain compliance by tasing Defendant. Defendant was able to break free and fled from the apartment building.

As Defendant took off running, one of the officers got his canine out of the squad car and gave it instructions to apprehend Defendant. Defendant was apprehended in a nearby parking lot when the dog bit Defendant. Defendant was discovered on the ground near and under a vehicle. A later search of the apartment revealed marijuana in the bedroom, four packages of crack cocaine in the toilet, and three packages of crack cocaine on the bathroom floor. An additional 23 packages of crack cocaine were found near where Defendant was apprehended and stuffed up underneath the car where Defendant was located. Defendant had more than $1,600 in cash on his person at the time of his arrest.

Defendant is 26 years old, has never been married, and has no children. He was born in St. Paul, but grew up in Chicago. Five years ago, Defendant relocated to Cedar Rapids with his mother, with whom he lives. Defendant has been employed "off-and-on" for the past two-and-a-half years through a temp service at General Mills. According to Defendant, he has been employed part time at the business for the past nine months, earning $600 per month. Defendant is in good health and has no history of mental or emotional health concerns. Defendant denied any history of alcohol or substance abuse.

Defendant has an extensive prior criminal record. In 2004, at age 16, Defendant was charged with robbery in Chicago, but the disposition of the charge is unknown. In 2005, at age 17, Defendant was charged with criminal trespass to a vehicle and resisting

a peace officer. While those charges were pending, Defendant was charged with possession of cannabis. While all of those charges were pending, Defendant was charged with aggravated unlawful use of a weapon/vehicle. On May 4, 2006, Defendant received probation on the cannabis charge, and on May 15, 2006, Defendant received probation on the criminal trespass to a vehicle and resisting a peace officer charge. On May 21, 2006, he was arrested on a new charge of possession of a controlled substance.

In July 2006, Defendant was sentenced to boot camp on the aggravated unlawful use of a weapon/vehicle and possession of a controlled substance charges. In April 2007, apparently after completing boot camp, Defendant was charged with receiving, possessing, or selling a stolen vehicle. Defendant was later convicted of that offense, but companion charges of fleeing police and resisting a peace officer were dismissed.

On February 29, 2008, Defendant was sent to prison on the aggravated unlawful use of weapon/vehicle and possession of a controlled substance charges. On March 13, 2008, he was sent to prison on the possession of stolen vehicle charge. He was paroled in all three cases on June 6, 2008.

Defendant was discharged from parole on June 16, 2010, but not before he had been arrested eight more times. The disposition of some of the charges is unknown, and some of the charges were "stricken off with leave to reinstate." Defendant was convicted, however, of possession of a controlled substance and manufacture or delivery of cocaine. On July 13, 2010, Defendant was sent to prison on the new charges. He was discharged on May 27, 2011.

In December 2011, Defendant was charged in Cook County, Illinois, with criminal trespass to building, but the charge was stricken off with leave to reinstate. Since moving to Iowa, Defendant has been convicted of assault, providing false identification information, and theft in the 5th degree. A recent charge of possession of cannabis in

Cook County was stricken with leave to reinstate. State charges arising from the incident which gives rise to the instant federal charge are still pending.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified

offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id*. See also *United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession with intent to distribute cocaine base. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Because there is probable cause to believe that Defendant committed a serious drug offense, there is a rebuttable presumption that he should be detained pending further proceedings. The evidence against Defendant is strong. If the police officers are believed, Defendant was found in possession of a substantial amount of crack cocaine, which was packaged for distribution. Defendant was also found with more than $1,600 on his person, despite the fact that he only earns $600 per month. Defendant has a serious prior criminal record, including the commission of crimes while on pretrial release, probation, and parole. The Court is also concerned regarding the circumstances surrounding this incident. That is, Defendant resisted the officers and attempted to flee. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 17th day of April, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA